UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RANDOLPH SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, et al.,<br><br>        Defendants. | CASE NO. 1:13-cv-01693-MJS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

## SCREENING ORDER

**I.  PROCEDURAL HISTORY**

Plaintiff David Randolph Smith, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 21, 2013. (ECF No. 1.)  He has consented to Magistrate Judge jurisdiction. (ECF No. 5).  His complaint is now before the Court for screening.

**II.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### III. SUMMARY OF COMPLAINT

The Complaint identifies the following individuals as Defendants: (1) Edmund G. Brown, Governor; (2) Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation (CDCR); (3) Carl Wofford, Warden, Avenal State Prison (Avenal); (4) B. Sunamoto, Captain of Facility E Yard, Avenal; (5) F. Aguiar, CCI; (6) Trujillo-Villa, CCI; (7) Mrs. Hatten, CCI; (8) Richards, CCI; (9) Mrs. Mendez; (10) CCII Aguire; and (11) an unspecified number of John Does.

Plaintiff alleges the following:

On June 20, 2013, a federal three-judge panel ordered the State of California to reduce its prisoner population.  The panel ordered the State to expand good time credits as a means of population reduction.  (Compl. at 8.)  On September 12, 2013, Defendant Trujillo-Villa distributed a document regarding inmates being transferred to facilities

outside California. On September 18, 2013, Defendant Aguiar notified Plaintiff of an upcoming classification hearing to transfer Plaintiff to a facility out-of-state. Defendant Aguiar explained that the out-of-state transfers were pending approval by the three judge panel. (Id. at 5.) The classification committee conducted the transfer hearing on September 20, 2013. (Id. at 9.) Plaintiff explained that the offense for which he is currently incarcerated was "a sex case" and he would therefore be at risk in an out-of-state facility. (Id. at 9, 30.) The committee nevertheless referred Plaintiff for transfer as available. (Id.)

On September 24, 2013, the three-judge panel ordered the State to stop transferring inmates out-of-state. The CDCR has since continued preparations for out-of-state transfers in violation of the court order and Plaintiff's federal rights. (Id. at 9.) Plaintiff requests an injunction preventing his transfer for at least one year and the appointment of counsel.[1] (Id. at 10.)

## IV. ANALYSIS

### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

---

[1] Plaintiff's requests for an injunction and appointment of counsel are addressed in separate orders.

3

### B. Failure to State a Claim

The Complaint alleges that Plaintiff has been or is in the process of being approved for transfer to a facility outside California as part of the State's effort to reduce its prisoner population. Plaintiff asserts that a three-judge panel has issued an order prohibiting such transfers and his planned transfer therefore violates his federal rights. The Court takes judicial notice of Plata v. Brown, case number 3:01-cv-01351, and Coleman v. Brown, case number 2:90-cv-0520, prison-conditions class actions that were combined on July 23, 2007 and assigned to a three-judge panel.

To the extent Plaintiff would qualify for membership in the Plata or Coleman classes, he may not maintain a separate individual suit involving the same subject matter and must bring all claims for injunctive or equitable relief through the class representative until the class action is over. See Crawford v. Bell, 599 F.2d 890, 892–93 (9th Cir. 1979); see also Pride v. Correra, 719 F.3d 1130, 1137 (9th Cir. 2013). A violation of a court order in the Plata/Coleman action does not provide Plaintiff with an independent claim for relief in this action. See Cagle v. Sutherland, 334 F.3d 980, 986-87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights). "Plaintiff can not maintain his own lawsuit to attempt to enforce the numerous orders entered in the pending Coleman litigation." Heilman v. Fry, 2009 WL 3287734, *3 (E.D. Cal. Oct. 6, 2009).

Even assuming Plaintiff's claim was not duplicative of the issues being litigated in the class actions, the allegations still fail to state a claim. Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or even a particular state. Olim v. Wakinekona, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); see also Meachum v. Fano, 427 U.S. 215, 224–25 (1976).

4

Plaintiff also alleges that he would be at risk of harm at an out-of-state facility because his underlying conviction was "a sex case." The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847.

According to classification hearing documents attached to the pleading, Plaintiff currently resides in general population. He does not identify a specific threat or explain why he would be in danger in an out-of-state facility. The Complaint fails to identify a substantial risk of harm and therefore fails to state an Eighth Amendment claim.

The Complaint does not state a cognizable claim for relief. Based on the foregoing it is difficult to imagine a scenario in which Plaintiff could successfully amend his claims based on a violation of a Plata/Coleman court order and his broader assertion that he has a right to avoid transfer to an out-of-state prison. Nevertheless, because the Complaint was fragmented and pro se pleadings are to be read liberally, the Court will grant Plaintiff an opportunity to amend all of the claims discussed above. However, should Plaintiff choose to amend, his efforts may be better served by focusing on alleging facts that support his Eighth Amendment failure to protect claim.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts

resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed October 21, 2013;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   January 29, 2014      /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE