UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RANDOLPH SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>EDMUND G. BROWN, et al.,<br><br>  Defendants. | CASE NO. 1:13-cv-01693-MJS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(ECF NO. 1) |

Plaintiff David Randolph Smith, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 21, 2013. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 5).

In conjunction with his complaint, Plaintiff filed a motion seeking a preliminary injunction barring his transfer to an out-of-state correctional facility pending resolution of his claims in this case.

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008) (quotation and citation marks omitted). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This

requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  Id.  Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

The Court has already dismissed Plaintiff's complaint, with leave to amend, in a separate order.  (ECF No. 6).  Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions.  18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

Accordingly, Plaintiff's motion for preliminary injunctive relief, filed October 21, 2013, is HEREBY DENIED, without prejudice.  Id.\

IT IS SO ORDERED.

Dated:   February 12, 2014                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

2